**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

BRIAN A. SHANLEY,

                     Plaintiff,

       - against -

YELLOW TRANSPORTATION, INC.,

                   Defendants.

------------------------------------------------------------X

Index #
Date Purchased:

**COMPLAINT**

**06 CIV. 7769**

       Plaintiff, Brian A. Shanley, by his Attorney, Barry D. Haberman, Esq., complaining of the Defendant, Yellow Transportation, Inc., respectfully alleges as follows:

       1.    Plaintiff, Brian A. Shanley, (herein referred to as "Shanley") is a New York resident domiciled at 360 Vista Maria Road, Cragsmoor, New York 12420.

       2.    Said domicile of Plaintiff, "Shanley", is located in the jurisdiction of the Southern District of New York, United States of America.

       3.    Upon information and belief, Defendant, Yellow Transportation, Inc., herein referred to as "Yellow", is a foreign business corporation, authorized to conduct business in the State of New York.

       4.    Upon information and belief, the Defendant, "Yellow's" principal business office is located at 10990 Roe Avenue, Overland Park, Kansas, 66211.

       5.    Upon information and belief, Defendant, "Yellow's" maintains a facility located at 1000 Homestead Avenue, Maybrook, New York 12543. (Said facility located in Orange County, New York.)

       6.    At all times relevant to the instant action, the Plaintiff, "Shanley" was employed by the Defendant, "Yellow".

7.     At all times relevant to the instant action, the Plaintiff, "Shanley" was assigned by the Defendant, "Yellow" to work at the Defendant's facility located in Maybrook, New York.

8.     Upon information and belief, the Defendant, "Yellow's" Maybrook, New York's facility is located within the jurisdiction of the Southern District of New York.

9.     Upon information and belief, Defendant, "Yellow", employs more than 500 persons.

10.     The Plaintiff was employed by the Defendant at the Orange County, New York location.

11.     The dominant subject matter of this Verified Complaint is grounded upon the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., ("ADA") and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

12.     Under 28 U.S.C. sec. 1331, actions grounded upon the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., ("ADA") and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq. are permitted to be brought before the United States Courts.

13.     As the Defendant, "Yellow", is a resident of locality lying within the Southern District of New York, as a substantial part of the events giving rise to the claim occurred in the Southern District of New York, under 28 U.S.C. sec. 1391(b), the Southern District of New York is the proper venue for this action.

14.     On or about March 29, 2006, the Plaintiff, "Shanley" filed a Verified Complaint with the United States Equal Employment Opportunity Commission, herein referred to as the "EEOC". Said Charging Complaint was designated as EEOC No.: 520-

2006-01368. Said Charging Complaint alleges discriminatory acts by the Defendant concerning this matter. (see Exhibit 1)

15.     On or about June 29, 2006 a "Notice of Right to Sue" was issued by the "EEOC" to Counsel for the Plaintiff. (See Exhibit 2 attached herein.)

16.     On or about July 5, 2006 the "Notice of Right to Sue" was received by Counsel for the Plaintiff. (See the aforementioned Exhibit 2.)

17.     This Summons and Verified Complaint is filed within 90 days of the receipt of said Notice of Right to Sue.

18.     The Plaintiff, "Shanley" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Plaintiff, "Shanley" repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as if set forth herein.

20.     The Plaintiff, "Shanley", is a Male.

21.     The Plaintiff, "Shanley" was born on June 26, 1955.

22.     The Plaintiff, "Shanley" is over the age of 40.

23.     The Plaintiff, "Shanley", was hired for employment by the Defendant, "Yellow" with his employment commencing on February 13, 1989.

24.     On the same date of February 13, 1989, Plaintiff, "Shanley", informed Defendant, "Yellow" of his Diabetes.

25.     At all times since February 13, 1989, the Plaintiff, "Shanley" performed the duties of "Shop Supervisor".

26.     Upon information and belief, Plaintiff, "Shanley" had performed duties of his employment in a satisfactory manner.

3

27.    Upon information and belief, Plaintiff, "Shanley" received regular pay raises due to his performance as an employee.

28.    Prior to the termination of employment, as stated above, the Plaintiff, "Shanley" had satisfactory employee reviews.

29.    On or about September 25, 2005, the Defendant, "Yellow" notified Plaintiff, "Shanley" of his termination.

30.    Upon information and belief, no disciplinary action was ever taken against the Plaintiff, "Shanley" by the Defendant, "Yellow" prior to the termination of employment.

31.    The Defendant, "Yellow" was aware that the Plaintiff, "Shanley" suffered from and continues to suffer from Diabetes.

32.    The Plaintiff, "Shanley" had requested a reasonable accommodation from the Defendant, "Yellow" to enable the Plaintiff, "Shanley" to monitor his blood sugar levels and to prevent "blacking out" due to diabetic shock.

33.    The Defendant, "Yellow" failed to provide any reasonable accommodation requested by the Plaintiff, "Shanley".

34.    In fact, for numerous years, the Defendant, "Yellow" required the Plaintiff, "Shanley" to work 12 hours shifts, with no lunch or meal break, and no rest break.

35.    Upon information and belief, instead of providing the Plaintiff, "Shanley" a reasonable accommodation to better enable the Plaintiff to performing his duties, the Defendant, "Yellow" terminated the employment of the Plaintiff.

4

36.     As the result of the foregoing the Plaintiff, "Shanley" was unlawfully deprived by the Defendant, "Yellow" of employment and the compensation that would have been earned from such employment.

37.     But   for   the   discriminatory   and   unlawful   actions   of   the Defendant, "Yellow" based upon the Plaintiff's disability, the Plaintiff, "Shanley" would still be employed by said Defendant, "Yellow" with all of the wages, and benefits such employment provides.

38.     Said termination of employment of the Plaintiff, "Shanley" by the Defendant, "Yellow" was in violation of Plaintiff, "Shanley's" rights under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., ("ADA").

39.     As a result of such violation, the Plaintiff, "Shanley" is entitled to all of the remedies set forth under the "ADA."

40.     Thus, for the violation of the provisions of the "ADA", the Plaintiff, "Shanley" is entitled to "back pay" from the date of the unlawful termination, (September 25, 2005), including salary, projected raises, lost benefits, and lost pension funding, "front pay", to put the Plaintiff, "Shanley" in the position he would have been in had the unlawful termination not occurred and his employment lasted until retirement.  Such "front pay" includes salary, fringe benefits, and pension benefits.  Plaintiff, "Shanley" is also entitled to receipt of punitive damages, and attorney fees.

41.     Thus, there is now due and owing from the Defendant, "Yellow" to the Plaintiff, "Shanley" back pay in the amount of $58,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $300,000.00, and attorney fees.

## AS AND FOR A SECOND CAUSE OF ACTION

42.     Plaintiff, "Shanley" repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as if set forth herein.

43.     As stated above, at all times the Plaintiff, "Shanley" performed the duties of his employment in a satisfactory manner.

44.     Upon information and belief, the Plaintiff, "Shanley's" position of employment was filled by a younger person.

45.     Upon information and belief, there was no legitimate reason for the termination of the employment of the Plaintiff, "Shanley."

46.     Upon information and belief, on at least two other occasions the Defendant, "Yellow" terminated the employment of employees similarly situated to the Plaintiff, "Shanley" (said employees over the age of 40) and replaced these employees with individuals under the age of 30.

47.     But   for   the   discriminatory   and   unlawful   actions   of   the Defendant, "Yellow" based upon the Plaintiff's age, the Plaintiff, "Shanley" would still be employed by said Defendant, "Yellow" with all of the wages, and benefits such employment provides.

48.     Said termination of employment of the Plaintiff, "Shanley" by the Defendant, "Yellow" was in violation of Plaintiff, "Shanley's" rights under the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

49.     As a result of such violation, the Plaintiff, "Shanley" is entitled to all of the remedies set forth under the "ADEA."

50.     Thus, for violation of the provisions of the "ADEA", the Plaintiff, "Shanley" is entitled to "back pay" from the date of the unlawful termination, (September 25, 2005), including salary, projected raises, lost benefits, and lost pension funding, "front pay", to put the Plaintiff, "Shanley" in the position he would have been in had the unlawful termination not occurred and his employment lasted until retirement.  Such "front pay" includes salary, fringe benefits, and pension benefits.  Plaintiff, "Shanley" is also entitled to receipt of liquidated damages, and attorney fees.

51.     Thus, there is now due and owing from the Defendant, "Yellow" to the Plaintiff, "Shanley" back pay in the amount of $58,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, liquidated damages an amount to be determined at trial, and attorney fees.

## AS AND FOR A THIRD CAUSE OF ACTION

52.     The Plaintiff, "Shanley", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

53.     Said actions of Defendant, "Yellow", discriminating against the Plaintiff, "Shanley" (termination of employment) based upon the Plaintiff's disability is a violation of the Plaintiff, "Shanley's", rights under New York State Human Rights Law, Executive Law (Article 15), New York State Human Rights Law, N.Y. Exec. Law §290 et. seq.

54.     Said actions of Defendant, "Yellow", discriminating against the Plaintiff, "Shanley" (termination of employment) based upon the Plaintiff's age is a violation of the Plaintiff, "Shanley's", rights under New York State Human Rights Law, Executive Law (Article 15), New York State Human Rights Law, N.Y. Exec. Law §290 et. seq.

55.     Under New York State Human Rights Law, the Plaintiff, "Shanley", is entitled to back pay, front pay and restoration of lost fringe benefits.

56.     Thus, there is now due and owing from the Defendant, "Yellow" to the Plaintiff, "Shanley" back pay in the amount of $58,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial.

57.     Additionally, under New York State Human Rights Law, the Plaintiff, "Shanley", is entitled to recover for pain and suffering.

58.     Thus, because of the Defendant, "Yellow's", violation of employment rights of the Plaintiff, "Shanley", the Plaintiff, "Shanley", has suffered damages for pain and suffering in the amount of $150,000.00.

59.     Thus, there is now due and owing from the Defendant, "Yellow" to the Plaintiff, "Shanley", the amount of $150,000.00 for damages from pain and suffering.

## AS AND FOR A FOURTH CAUSE OF ACTION

60.     The Plaintiff, "Shanley", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

61.     Upon information and belief, the Plaintiff, "Shanley" worked 12 hours each day that he worked for the Defendant, "Yellow."

62.     Upon information and belief, during the course of the Plaintiff's employment by the Defendant, the Plaintiff worked 60 hours per week, every other week.

63.     Upon information and belief, the Plaintiff worked 24 hours per week, every other week.

64.     Upon information and belief, the Plaintiff worked an additional 10 days per year for which he did not receive any extra compensation.

65.     Upon information and belief, the Plaintiff's extra work days were evenly divided between the long weeks (60 hour weeks) and the short weeks (24 hour weeks).

66.     Upon information and belief, the Plaintiff's annual compensation was $58,000.00 or $1,115.38 per week.

67.     Upon information and belief, for a 40 hour work week (the standard used under the FLSA), the Plaintiff earned $27.88 per hour.

68.     Pursuant to the provisions of 28 UCC sec. 201 et seq., the Fair Labor Standards Act of 1938 ("FLSA"), the Defendant, "Yellow" is required to pay time and a half (1½) for each hour worked in excess of 40 hours in one work week.

69.     Upon information and belief, the Defendant, "Yellow" is an employer as defined by 28 UCC sec. 203(d).

70.     Upon information and belief, the Plaintiff, "Shanley" is an employee as defined by 28 UCC sec. 203(e)(1).

71.     Upon information and belief, the Defendant, "Yellow" failed to compensate the Plaintiff, "Shanley" for overtime worked.

72.     Upon information and belief, the failure of the Defendant, "Yellow" to compensate the Plaintiff, "Shanley" for overtime worked was and is a violation of the provisions of the "FLSA."

73.     Upon information and belief, the Defendant, "Yellow" failed to compensate the Plaintiff, "Shanley" for 580 hours of overtime each year of the Plaintiff's employment by the Defendant.

74.     Upon information and belief, for each hour of overtime worked by the Plaintiff, the Plaintiff was entitled to earn $41.82 per hour.

75.     As the Plaintiff worked 580 hours of overtime each year, the Defendant, "Yellow" failed to compensate the Plaintiff the sum of $24,255.60 per annum.

76.    Upon information and belief, the Plaintiff requested the payment of overtime wages by the Defendant, but the Defendant denied same, stating that the hours were part of the job.

77.    Thus, the Defendant, "Yellow" willfully refused to pay the overtime compensation required pursuant to the "FLSA"

78.    As the Defendant, "Yellow" willfully refused to pay the required overtime compensation required pursuant to the provisions of the "FLSA", the Plaintiff, "Shanley" is entitled to three (3) years of the wrongfully denied compensation, liquidated damages in an amount equal to the wrongfully denied compensation and attorney fees.

79.    Thus, there is now due and owing from the Defendant, "Yellow" to the Plaintiff, "Shanley" the sum of $72,766.80 for unpaid overtime wages, $72,766.80 in liquidated damages and attorney fees, all resulting from the Defendant's willful failure to abide by the provisions of the "FLSA."

## AS AND FOR A FIFTH CAUSE OF ACTION

80.    The Plaintiff, "Shanley", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

81.    Pursuant to New York Labor Law sec. 190 et seq., the Defendant, "Yellow" is required to timely pay the Plaintiff, "Shanley" wages earned.

82.    Upon information and belief, for all the reasons stated in the Fourth Cause of Action herein, the Defendant, "Yellow" failed to timely compensate the Plaintiff, "Shanley."

83.    Thus, the Plaintiff is entitled to additional compensation in the amount of $24,255.60 per annum.

84.     Additionally, pursuant to NY. Comp.Codes R & Regs. Title 12 sec. 142-2.18, the Plaintiff is entitled to an additional hour of compensation each day that he was required to work over 10 hours on that day.

85.     Upon information and belief, the Plaintiff worked 192 days per year for the Defendant, with each day consisting of 12 hours.

86.     Thus, pursuant to NY. Comp.Codes R & Regs. Title 12 sec. 142-2.18, the Plaintiff is entitled to an additional 192 hours of pay per annum.

87.     Thus, as the Plaintiff was entitled to a wage of $27.88 per hour, the Plaintiff is entitled to additional compensation in the amount of $5,352.96.

88.     Thus, for each year for which the Plaintiff is entitled to recover pursuant to statute, the Plaintiff is entitled to $29,578.56.

89.     As NY LL sec. 198(3) permits recovery for six years, the Plaintiff seeks damages in the amount of $177,471.36.

90.     Due to the willful failure by the Defendant, "Yellow" to remit to the Plaintiff, "Shanley", the Plaintiff, "Shanley" is entitled to liquidated damages of 25% of the amount of compensation due.  NY LL sec. 198(1-a).

91.     Thus, the Plaintiff is entitled to liquidated damages in the amount of $44,367.84.

92.     The Plaintiff seeks attorney fees pursuant to NY LL sec. 198(1-a).

93.     Thus, there is now due and owing from the Defendant, "Yellow" to the Plaintiff, "Shanley" thus sum of $177,471.36 in wrongfully denied wages, $44,367.84 in liquidated damages and attorney's fees, remedies available to the Plaintiff pursuant to NY LL sec. 198.

11

**WHEREFORE,** the Plaintiff, "Shanley" demands judgment:

(1)     Against the Defendant, "Yellow" for discriminating against the Plaintiff, "Shanley" based upon the Plaintiff's disability in violation of the Plaintiff, "Hauser's" rights under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., ("ADA").

(2)     Against the Defendant, "Yellow", awarding the Plaintiff, "Shanley, back pay in the amount of $58,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, punitive damages in the amount of $300,000.00, and attorney fees, the remedy provided a Plaintiff under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., ("ADA").

(3)     Against the Defendant, "Yellow" for discrimination based upon age suffered in violation of the Plaintiff, "Shanley's" rights under the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

(4)     Against the Defendant, "Yellow", awarding the Plaintiff, "Shanley", back pay in the amount of $58,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, Liquidated damages in the amount of $58,000.00, and attorney fees, the remedy provided a Plaintiff under the provisions of the Age Discrimination

in Employment Act (ADEA), 29 U.S.C. §621 et seq. for discrimination based upon the age.

(5)     Against the Defendant, "Yellow", for the violation of the Plaintiff, "Shanley's" rights under the provisions New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. due to the discriminatory acts of the Defendant, "Yellow".

(6)     Against the Defendant, "Yellow", awarding the Plaintiff, "Shanley", back pay in the amount of $58,000.00, front pay in an amount to be determined at trial, health benefits and pension funding in an amount to be determined at trial, damages for pain and suffering in the amount of $150,000.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. for unlawful discrimination and termination of employment due to discriminatory acts.

(7)     Against the Defendant, "Yellow" for the willful violation of the Plaintiff, "Shanley's" rights under the provisions of the "FLSA."

(8)     Against the Defendant, "Yellow", awarding the Plaintiff, "Shanley", the sum of $72,766.80 for unpaid overtime wages, $72,766.80 in liquidated damages and attorney fees, all resulting from the Defendant's willful failure to abide by the provisions of the "FLSA.".

(9)     Against the Defendant, "Yellow" for the willful violation of the Plaintiff, "Shanley's" rights under the provisions of New York Labor Law sec. 190 et seq.

(10)    Against the Defendant, "Yellow", awarding the Plaintiff, "Shanley", the sum of $177,471.36 in wrongfully denied wages, $44,367.84 in liquidated damages and attorney's fees, all resulting from the Defendant's willful failure to abide by the provisions of New York Labor Law.

(11)    Awarding Plaintiff, "Shanley" attorney fees as applicable under the "ADA" and "ADEA."

(12)    Granting to Plaintiff, "Shanley" such other and further relief as the Court deems just and proper.

Dated: New City, New York
      September 27, 2006

                                  BARRY D. HABERMAN, ESQ.
                                  Attorney for Plaintiff,
                                  BRIAN A. SHANLEY
                                  254 South Main Street, #401
                                  New City, New York 10956
                                  845-638-4294